# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50190 | **DATE** | 1/26/2004 |
| **CASE TITLE** | Bell, et al vs. Woodward Governor | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the attached Memorandum Opinion and Order, Plaintiffs' Motion to Compel Reports is granted. Defendant is ordered to produce the material within 14 days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 26 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/26/2004 date mailed notice | |
| sp | courtroom deputy's initials | sp mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| BELL, et. al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 03 C 50190 |
| | ) |
| WOODWARD GOVERNOR COMPANY, | ) Philip G. Reinhard |
| | ) P. Michael Mahoney |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

On December 9, 2003, Plaintiffs (eighteen individuals as of December 5, 2003) filed Plaintiffs' Motion to Compel Production of EEO-1 Reports, Affirmative Action Plans and OFCCP Audits ("Motion to Compel Reports"). This court set the motion on a briefing schedule and as of January 20, 2004, the motion has been fully briefed. For the following reasons, Plaintiffs' Motion to Compel Reports is granted.

## Background

This is a class action suit seeking redress for the alleged unlawful employment practices on the basis of race by Defendant Woodward Governor. Defendant designs and manufactures hydromechanical and electronic controls, fuel delivery systems, actuators, valves and related components. Plaintiffs allege that Defendant, for many years, has engaged in a practice of discrimination against African Americans, Hispanics and other minorities with respect to compensation, promotions, hiring, and other terms and conditions of employment. Additionally, Plaintiffs allege that minorities are under-represented in Defendant's work force and severely under-represented in Defendant's management and supervisory levels.

The original complaint contained 16 named Plaintiffs who are either African American or Hispanic. Plaintiffs' complaint contains three counts: 1) Section 1981- Race Discrimination in Compensation; 2) Section 1981- Race Discrimination in Terms and Conditions of Employment; and 3) Termination and Retaliation with regards to Plaintiff Kimberly Buchanan. On December 5, 2003, Plaintiffs amended their complaint adding two additional Plaintiffs and two additional counts: 1) Title VII- Race Discrimination in Compensation; and 2) Title VII - Race Discrimination in Terms and Conditions of Employment.

Plaintiffs allege that Defendant engaged in discriminatory conduct that included, but is not limited to, the following: paying lower wages to minority employees as compared to wages paid to white employees; failing to advance minority employees to higher levels; subjecting minority employees to racially hostile work environments; failing to investigate or act upon legitimate complaints about discrimination; requiring minority employees to perform out of class work without wages commensurate with the work performed; criticizing and disciplining minority employees for talking and associating with each other in the work place; and requiring employees to refrain from revealing their rate of pay. Additionally, Plaintiffs allege that Defendant's management has tolerated racial slurs and stereotypes of minority employees and Defendant's supervisors have condoned and, in some cases, participated in the conduct.

## Discussion

Federal Rules of Civil Procedure 26(b) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule

2

37(a)(2)(B) enforces this obligation by providing that if the non-discovery party does not comply with Rule 26(b), "the discovering party may move for an order ... compelling inspection in accordance with the request ." Fed. R. Civ. P. 37(a)(2)(B).

Plaintiffs' Motion to Compel Reports seeks an order from this Court compelling Defendant to produce its EEO-1 Reports, Affirmative Action Plans and OFCCP Audits. In response, Defendant argues that they should be protected from disclosing such information pursuant to the self-critical analysis privilege. (Def.'s Resp. to Pls' Mot. to Compel Reports at 1). This court has addressed this argument before and rejected it, as it does now.

The privilege of self-critical analysis was first recognized in the area of medical malpractice. *See Bredice v. Doctors Hospital, Inc.*, 50 F.R.D. 249 (D.D.C. 1970). While the Defendant cites *Coates v. Johnson & Johnson*, 756 F.2d 525 (7th Cir. 1985) for support that the Seventh Circuit has recognized the self-critical analysis privilege, this support is misplaced.

In *Coates*, the Seventh Circuit found that the defendant's use of the Affirmative Action Plan at trial acted as a waiver of the privilege and, therefore, plaintiff should have had access to the plan. Defendant in this case appears to argue that in finding the privilege waived, the court implicitly recognized the validity of the privilege as it applies to affirmative action material. However, this is not true. The *Coates* court avoided a conclusive determination on the existence of the self-critical analysis privilege, instead, finding that the withholding of the information from plaintiff was a harmless error on the part of the trial judge. Additionally, the court in *Coates* stated, "We need not decide, however, whether the district court's order denying pre-trial discovery of defendant's self critical evaluations was proper in this case." 756 F.2d at 552. Thus, contrary to Defendant's apparent argument, the *Coates* court did not recognize the privilege of self-critical analysis, rather

3

they held only that *if* such a privilege existed, it had been waived by use of the material at trial. Because the Seventh Circuit has not yet taken a definitive position on the proper scope of the self-critical analysis privilege,[1] this court will rely on its past decisions in finding that the privilege does not exist with regards to affirmative action materials. *See Jefferson v. Ingersoll Mach. Co.*, 98 C. 50042, slip op. at 3 (N.D. Ill. Sept. 3, 1998); *Betts v. Sundstrand*, 97 C 50188, slip op. at 5 (N.D. Ill. June 24, 1998). However, even if the privilege did exist, this court would nonetheless find that Plaintiffs' need for the information outweighs the burden placed on Defendant in disclosing such information.

With regards to Title VII employment discrimination suits, the courts have often held that broad discovery by plaintiff is necessary to further the goals of the legislature in promoting equal opportunity in the workplace. Generally, undue restrictions of discovery in Title VII cases are frowned upon. *See Ingersoll*, No. 98 C 50042, slip op. at 3 (citing three circuit courts in support of proposition). Therefore, Plaintiffs' Motion to Compel Reports is granted. Defendant is ordered to produce all its EEO-1 Reports, Affirmative Action Plans, and OFCCP Audit documents for the period from January 1, 1996 through the present. Defendant is ordered to produce such information within 14 days of the date of this order.

---

[1] Even recently, the Seventh Circuit again sidestepped the issue of the self-critical analysis privilege where it characterized the privilege as "a privilege never recognized in this circuit." *See Burden-Meeks v. Welch*, 319 F.3d 898, 899 (7th Cir. 2003).

## Conclusion

For the above stated reasons, Plaintiffs' Motion to Compel Reports is granted. Defendant is ordered to produce the material within 14 days of this order.

**ENTER:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

DATE: 1/26/04