# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50190 | **DATE** | 7/1/2004 |
| **CASE TITLE** | BELL vs. WOODWARD GOVERNOR CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Woodward's motion to dismiss or transfer the claims of Fred Wynne based on improper venue is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

- No notices required, advised in open court.
- No notices required.
- ✓ Notices mailed by judge's staff.
- Notified counsel by telephone.
- Docketing to mail notices.
- Mail AO 450 form.
- Copy to judge/magistrate judge.

/SEC — courtroom deputy's initials

date docketed: JUL 0 2 2004
date mailed notice: 7-1-04

Document Number: 131

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

A class of plaintiffs brought suit against their employer, defendant Woodward Governor Company ("Woodward"), alleging that Woodward discriminated against them on the basis of their race. Plaintiffs' suit is pursuant to the Civil Rights Act of 1964 as amended by 42 U.S.C. §2000e et seq. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A. This court has jurisdiction under 28 U.S.C. §1331. Woodward submits a renewed motion to dismiss or transfer the claims of plaintiff Fred Wynne based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

In considering a motion to dismiss for improper venue, the plaintiff bears the burden of establishing proper venue. Santa's Best Craft, LLC v. Janning et al., 2003 U.S. Dist. LEXIS 11042 at *3 (N.D.Ill. Jun. 23, 2003). The burden is met by making a prima facie showing that venue is proper. Sagmel, Inc. v. Firebird Int'l, Inc. et al., 1993 U.S. Dist. LEXIS 4355 at *4 (N.D.Ill. Apr. 6, 1993); Carnes Co., Inc. v. Stone Creek Mechanical, Inc. et al., 2002 U.S. Dist. LEXIS 26638 at * 3 (W.D.Wis. Jun. 6, 2002), citing Grantham v. Challenge-Cook Bros., Inc. et al., 420 F.2d 1182, 1184 (7th Cir. 1969). In deciding whether the asserting party has made the necessary showing, the court resolves all disputes concerning relevant facts in favor of the party asserting proper venue. Sagmel, Inc., 1993 U.S. Dist. LEXIS 4355 at *7.

Title VII has its own venue provision, 42 U.S.C. §2000e-5(f)(3). Section 5(f)(3) is the exclusive venue provision for all Title VII discrimination actions, taking priority over the venue provisions of other discrimination actions that are pled. Gwin v. Reynolds & Reynolds Co., 2001 U.S. Dist. LEXIS 9520 at *2 (N.D.Ill. Jun. 25, 2001). Venue is proper under Title VII [1] in any judicial district in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice but, if defendant is not found in any such district, [4] in the district where defendant has its principal office. 42 U.S.C. § 2000e-5 (f) (3); Gwin, 2001 U.S. Dist. LEXIS 9520 at *3. A plaintiff need satisfy only one of the Title VII venue provisions for the court to exercise jurisdiction. Id.

Fred Wynne, an African-American, was hired by Woodward in August 1999 as a Continuous Improvement Leader working in Zeeland, Michigan. Wynne's responsibilities were later expanded to include Woodward's Winnebago County facility. After a company reorganization in 2002, Wynne assumed responsibilities as Acting Manager for the Global Continuous Improvement Group, where approximately 55% of his work focused on the Rockford facility and employees. The work he did included interaction with Rockford employees via his physical presence at the Rockford facility. Despite performing his duties in an exemplary manner, in July 2003 the Global Continuous Improvement Manager position was posted on the Woodward company-wide intranet. The job posting specified Rockford, Illinois as the location of the position. The open position request, job posting, job applications, written job offer, correspondence and other documentation relating to filling the Global Continuous Improvement Manager position are maintained in Rockford. Wynne applied for the position when a co-worker brought it to his attention, but he did not receive it; the position was given to an allegedly far less qualified white employee that Wynne had to transition into the job. Wynne was given the hiring justification that the white employee had more confidence than Wynne, although Wynne maintains his record and performance history demonstrate otherwise. Following the appointment of the new Global Continuous Improvement Manager, Wynne's job duties were redefined in a manner which he alleges constitutes a demotion. For example, Wynne no longer supervises other employees and reports to the employee promoted over him in Winnebago County.

Wynne asserts this judicial district is the one in which employment records relevant to Woodward's practice are maintained and administered. As indicated by their production in this case, the open position request, job posting, job applications, job offer, and other employment records that document the Global Continuous Improvement Manager position are maintained and administered in Rockford although Wynne's personnel records are not. The majority of the relevant records are maintained and administered in this jurisdiction and Woodward is headquartered in Rockford. Because Wynne has satisfied at least one prong enumerated in Gwin, he has established venue pursuant to 42 U.S.C. §2000e-5(f)(3) and no basis exists for granting defendant's motion. Woodward's reliance on Washington v. Gen. Elec. Corp., 686 F. Supp. 361, 363 (D.D.C. 1988), is misplaced. The case is not binding on this court and there are other cases to the contrary. See de Rojas v. Trans State Airlines, 2001 U.S. Dist. LEXIS 23860 at *6-7 (D.N.J. Nov. 19, 2001).

Although Wynne also alleges venue is proper because he would have worked in this district but for Woodward's discriminatory conduct and because this district is the one in which the alleged unlawful employment practice was committed, these arguments need not be addressed because Wynne has satisfied a prong of the Title VII venue provisions. Woodward's motion to dismiss or transfer the claims of Fred Wynne based on improper venue is denied.