# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50190 | **DATE** | 12/20/2004 |
| **CASE TITLE** | Bell vs. Woodward | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Motion to Compel Production

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' Motion to Compel is granted in part and denied in part. Defendant is directed to comply with the court's 10/27/04 Order and produce documents responsive to Plaintiffs' Request regarding succession documents within twenty-one days of receipt of this Order. Regarding documents identified in Turner's deposition, Defendant is directed to: (1) confirm that a reasonable search for documents (a-l) was conducted and indicate what the manner of the search was, (2) produce responsive documents, (3) confirm if no responsive documents exist, and (4) confirm instances where the documents have been destroyed, indicating by whom and when, if possible, within seven days of receipt of this Order. Plaintiffs' Motion to Compel further production of job descriptions is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 8 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 12-20-04 date docketed | 216 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 12/20/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| AM | courtroom deputy's initials | Date/time received in central Clerk's Office | GG mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEMETRIC BELL, MARILYN BERRY, ) <br> CATHERINE BROWN, KIMBERLY ) <br> BUCHANAN, GILBERTO GONZALEZ, ) <br> DELLA JARRETT, TIMMY LINK, EDDIE ) <br> MANNING, JR., KIM NACHAMPASSACK, ) <br> DUANE PARKS, BRENDA RILEY, ) <br> DARNEL ROYAL, ROBIN SALLIS, ) <br> VELMA SANDERS, BARBARA SMITH, ) <br> TONY TRIPLETT, JANET WILKINS and ) <br> FRED WYNNE, individually and on behalf ) <br> of similarly situated persons, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WOODWARD GOVERNOR COMPANY, ) <br> ) <br> Defendant. ) | Case No. 03 C 50190 <br><br> Magistrate Judge <br> P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiffs' Motion to Compel Production of Documents.

Plaintiffs seek documents related to Woodward Governor's: (1) succession planning and other

processes for assessing or determining promotable employees and (2) job descriptions used since

1998. Plaintiffs also seek various documents that were identified at the deposition of Phil Turner

that Plaintiffs believe are responsive to previous document requests. Specifically, Plaintiffs

request: (a) versions of Woodward's "Transformation Map" which apparently covers the

company goals for human resources, training, diversification, etc.; (b) e-mails and other

1

documents related to transition between the "Member Evaluation Process" and the "Member Appraisal Process" including documents relating to any actual or expected "bell curve distribution"; (c) corporate executive committee notes; (d) documents generated by and between Woodward and RHR (a human resources/management consultant), including results of employee surveys; (e) "flow down plans" concerning the Transformation Map; (f) "metric boards" that relate to employee performance, Plaintiffs, or the Transformation Map; (g) "Team Map Update Meetings" documents concerning Human Resources functions; (h) documents relating to "key contributors"; (i) documents relating to an "open door policy"; (j) documents relating to purported extra consideration given to minorities during work force reductions generally and specifically for Plaintiffs Jarrett and Brown; (k) documents relating to attempts to recruit and retain minorities in exempt positions; and finally (l) documents related to an OFCCP audit meeting that included Turner and Holm.

Defendant states it has not produced documents related to Woodward Governor's succession planning and talent management process because it is seeking a protective order regarding these documents. However, no such motion is currently before the court. Defendant also asserts that the remaining document requests by Plaintiffs "are not amenable to serious dispute." (Def.'s Resp., at 1). Defendant then goes on to dispute the validity of Plaintiffs' request for documents pertaining to job descriptions used by Woodward since 1998, stating that it has already produced all that is available to be produced. Further, Defendant states that the documents that were identified in Phil Turner's deposition that actually exist and can be located will be made available for inspection and copying at a time of mutual convenience. Specifically, Defendant states it can produce documents relating to a "T MAP" and "ALT Minutes."

The court has reviewed numerous discovery motions in this case from both Plaintiffs and Defendant. Many of the issues presented in this Motion to Compel have previously been addressed by the court in past Orders and discovery conferences. As always, the court looks to Fed. R. Civ. P. 26 and 37 to decide whether discovery should be allowed. Generally, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). However, the court has authority to limit discovery that is unreasonably cumulative or unduly burdensome or expensive. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002). Thus, to decide Plaintiffs' Motion, the court must weigh the value of the material sought against the burden of providing it.

A.  **Job Descriptions**

Sometimes, the parties resolve their disputes through their briefs to the court. For example, issue (2) regarding job descriptions (which were ordered by the court to be produced by 11/16/04) was largely resolved by Plaintiffs' Response, which stated:

> Given that defendant has now finally represented in its brief that it has produced all known job descriptions, and that defendant has not provided any of the specifically requested information regarding the existence of prior job descriptions that have been destroyed, plaintiffs will rely on defendant's representation.

(Pl.s' Mot., at 4). Usually, though, these parties do not resolve the entire discovery dispute on their own. Here, Plaintiffs request that the court direct Defendant to state whether the job descriptions produced went into effect on October 9, 2003, as the face of the documents indicate, or some earlier date, which should be identified. This information is clearly within the scope of

3

discoverable material under Rule 26, but this information is a follow-up question about the material already produced by Defendants, not a request for supplemental production. Plaintiffs' purported document request is really a question about the effective date of the documents that have been produced. Plaintiffs do not know the significance of the October date, and the court cannot assume that it means Defendant is withholding documents. Defendant states its response is complete, so Plaintiffs' issue (2) is really a new line of inquiry. The proper procedure for Plaintiff to effectuate discovery in this circumstance is not a Motion to Compel, but an interrogatory. The court cannot pose its own interrogatories on Defendant. Thus, Plaintiffs' Motion to Compel further production of job descriptions is denied.

**B.     Succession Planning Documents**

Sometimes, the parties remain at odds on the proper scope of discovery. This is the case with respect to issue (1) relating to Woodward's succession planning, despite the fact that the court previously granted Plaintiffs' motion as to this request and ordered a response by November 16, 2004. Defendant does not state what its burden is to produce succession planning documents in its Response to Plaintiffs' Motion to Compel. However, Defendant did state at its November discovery conference that the succession documents contain information that is both sensitive and confidential company policy. Defendant also stated that the information is not relevant to Plaintiffs' case because Plaintiffs are not in the competitive categories of employees that the documents concern.

Instead of addressing the issue further in its brief, Defendant stated it is seeking a protective order, which makes Plaintiffs' Motion pre-mature. As stated above, no such motion is on file with the court, nor has Defendant stated when it intends to file its motion. The party

4

seeking a protective order has the burden of showing that good cause exists warranting a limitation of discovery. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). To establish good cause, the party seeking the protective order must show with specificity that it needs protection from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Because Defendant has not further laid out its burden or filed its Motion for a Protective Order, the court grants Plaintiffs' Motion to Compel and orders Defendants to comply with the court's 10/27/04 Order[1] and produce documents responsive to Plaintiffs' Request within twenty-one days of receipt of this Order.

C.  **Documents Identified at the Deposition of Turner**

Sometimes, the parties' dispute lies in divergent interpretations of the federal rules on discovery. This appears to be the case with issues (a-l) relating to documents that were referred to by Mr. Phil Turner during his deposition. Plaintiffs believe the documents (laid out above) are responsive to previous document requests and seek a court order for their production. Defendant asserts that it is willing to produce whatever documents it has regarding the T Map, along with the ALT minutes and whatever documents Woodward has which relate to the Human Resources/Diversity "spoke" of the T Map. Defendant further states it "has not located" any other documents regarding issues (b-l) which were not previously produced. (Def.'s Resp., at 5).

Notwithstanding, Plaintiffs argue that Defendant's Response is not good enough under the rules. They seek, in addition to the production of the documents, a court order requiring Defendant to (1) confirm that a thorough search for each type of documents was conducted, (2)

---

[1] The court already made the determination that Plaintiffs' request is relevant and ordered production by 11/16/04.

confirm that no responsive documents exist, and (3) confirm instances where the documents have been destroyed, indicating by whom and when.

It is clear under Fed. R. Civ. P. 26(e) that parties must supplement a request for production that a party learns was incorrect or incomplete when made. In addition, under Fed. R. Civ. P. 26(g), every discovery response must be accompanied by the signature of the attorney or party constituting a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the response is complete and correct. It is, however, unclear that Rule 26(e) supplementations and corrections must meet Rule 26(g) certification requirements, as neither Rule 26(e) or 26(g) requires certification of supplementations.

Either way, the court must deal with the complicated discovery situation where one party presents evidence through deposition testimony that certain responsive documents very likely exist or at least existed at one time and the other party states they have not located such documents. Defendants do not claim the requested documents do not exist, that they are not relevant, or that they are too burdensome to produce. Defendant only states "Woodward has not located any documents."

In the meantime, Mr. Turner's continued deposition is scheduled for January 11, 2005, and fact discovery is set to close on January 31, 2005. The parties' Rule 37.2 conferences have deteriorated to such a state that the parties cannot even agree if they have had a conference. Significantly, Defendant does not appear to have any problem turning over documents referenced by Phil Turner in his deposition, if only they were located. Thus, in the interest of judicial efficiency, the court grants Plaintiffs' Motion to Compel and orders Defendant (within seven days of receipt of this Order) to: (1) confirm that a reasonable search for documents (a-l) was

conducted and indicate what the manner of the search was, (2) produce responsive documents, (3) confirm if no responsive documents exist, and (4) confirm instances where the documents have been destroyed, indicating by whom and when, if possible.

D. **Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Compel is granted in part and denied in part. Defendant is directed to comply with the court's 10/27/04 Order and produce documents responsive to Plaintiffs' Request regarding succession documents within twenty-one days of receipt of this Order. Regarding documents identified in Turner's deposition, Defendant is directed to: (1) confirm that a reasonable search for documents (a-l) was conducted and indicate what the manner of the search was, (2) produce responsive documents, (3) confirm if no responsive documents exist, and (4) confirm instances where the documents have been destroyed, indicating by whom and when, if possible, within seven days of receipt of this Order. Plaintiffs' Motion to Compel further production of job descriptions is denied.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/20/04