# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50190 | **DATE** | 1/3/2005 |
| **CASE TITLE** | BELL, et al. vs. WOODWARD GOVERNOR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, movants motion for class certification is granted in part. Bell, Berry, Buchanan, Gonzalez, Link, and Triplett are certified as class representatives. Plaintiff's counsel are appointed class counsel. Two classes are certified under Rule 23 (b) (2) for injunctive and declaratory relief purposes and Rule 23 (b)(3) for purposes of determining liability for discrimination injuries, but not individual damages : A compensation class consisting of all African-American, Hispanic, and Asian employees employed by defendant during the applicable limitations period and an advancement class consisting of all African-American, Hispanic and Asian employees passed over for unposted promotions during the applicable limitations period. This matter is referred to the magistrate judge for purposes of administering notice to the class members and opt-out rights.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | 1-4-05 date docketed | |
| | Notified counsel by telephone. | | | 217 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1-4-05 date mailed notice | |
| X | Copy to judge/magistrate judge. ✓ | | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Demetric Bell, Marilyn Berry, Catherine Brown, Kimberly Buchanan, Gilberto Gonzalez, Della Jarrett, Timmy Link, Eddie Manning, Jr., Kim Nachampassack, Duane Parks, Brenda Riley, Darnel Royal, Robin Sallis, Velma Sanders, Barbara Smith, Tony Triplett, and Janet Wilkins[1], individually and as purported class representatives, brought this action under the court's federal question jurisdiction against defendant, Woodward Governor Co., alleging a pattern or practice of racial discrimination and disparate impact in compensation and terms and conditions of employment in violation of 42 U.S.C. § 1981 ("Section 1981") (Counts I & III) and 42 U.S.C. § 2000e-5 ("Title VII") (Counts II & IV). Buchanan also has a separate claim for unlawful termination and retaliation under Section 1981 (Count V) and Sallis and Wilkins have individual claims for gender based compensation discrimination under Title VII and the Equal Pay Act, 29 U.S.C. § 206 (d), (Count VI). Nine of the named plaintiffs (Bell, Berry, Brown, Buchanan, Gonzalez, Link, Manning, Nachampassack and Triplett), as purported class representatives, move to certify two plaintiff classes pursuant to Fed. R. Civ. P. 23: one a compensation class consisting of all African-American, Hispanic and Asian employees employed by defendant during the applicable limitations period and the other an advancement class of all African-American, Hispanic, and Asian employees passed over by defendant for unposted promotions to higher level positions during the applicable limitations period. The class certification involves Counts I to IV. Defendant opposes certification of these classes.

A litigant seeking to maintain a class action must meet the Rule 23 (a) prerequisites of numerosity, commonality, typicality and adequacy of representation. See General Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982). If these prerequisites are met, the potential class must also satisfy at least one provision of Rule 23 (b). See Rosario v. Livaditis, 963 F.2d 1013, 1017 (7th Cir. 1992), cert. denied 506 U.S. 1051 (1993). "Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23." Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676 (7th Cir.), cert. denied, 534 U.S. 951 (2001). The court cannot simply accept the allegations of plaintiffs' complaint as true and must make a preliminary inquiry into the merits where necessary to determine whether the requirements of Rule 23 are met. See id. at 676-77.

Plaintiffs evidence is that there are at least 117 members in each prospective class. This number is the total number of minorities working for defendant during the 4 years preceding the filing of the case. Defendant argues numerosity is lacking. It contends that half the minority employees are Asian or Hispanic and that the compensation data do not support a statistically significant compensation difference from whites for these two groups. However, the evidence, particularly Dr. DiPrete's declaration, which purports to show a statistically significant difference between whites and non-whites, supports a class of African-Americans, Asians and Hispanics. The purported class will not be disaggregated into separate racial groups for purposes of considering numerosity. The fact that there is evidence that one potential class member does not want to participate or that most potential class members live within the same geographic area (arguments also raised by defendant), does not defeat numerosity. There are well over 100 potential class members, which is enough to satisfy numerosity.

The commonality requirement is met where there is a common nucleus of fact such as engaging in standardized conduct towards members of the proposed class. See Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). Plaintiff asserts the common nucleus of operative fact is that all class members were subject to the same compensation and promotion policies and practices under centralized control. Defendants argue the system was decentralized with decisions on compensation and promotion being made by different decision makers so that the facts related to the compensation and promotion of each class member are not common to one another. This is a "pattern or practice" action. Plaintiffs have alleged facts that, if believed, show at least some centralized control by defendant's human resources department purportedly to ensure no discrimination. Plaintiffs have presented evidence sufficient for class certification purposes to support these allegations. Defendant's own documents submitted to the OFCCP indicate the human resources department carefully monitors all job actions to assure they are non-discriminatory. The evidence of standardized conduct toward members of the purported class is sufficient to find commonality. See Palmer v. Combined Ins. Co. of America, 217 F.R.D. 430, 437 (N.D. Ill. 2003) (Zagel, J.).

Typicality is closely related to commonality, Keele, 149 F.3d at 595, and is satisfied when the plaintiffs' claim arises from the same practice or course of conduct that gives rise to the claims of other class members and the plaintiffs' claim is based on the same legal theory. Palmer, 217 F.R.D. at 437 (internal citation and quotation marks omitted). The presence of factual differences between claims of class members is not fatal and the similarity of legal theory is more important. Id. Typicality is met here. Plaintiffs' claims arise from the same legal theory and same alleged practice as the class members. While factual variations may exist between each class member to a certain extent, the overriding theory is the same, that defendant's compensation and promotion practices work to keep non-whites lower paid and out of higher level jobs.

Defendant concedes, based on prior decisions by the court in other cases, that plaintiffs' counsel is adequate to represent the class. Defendant challenges the adequacy of four of the named plaintiffs to serve as class representatives citing the fact Gonzalez and Nachampassack have hourly compensation above the average for white employees, that Manning is a leader who will now be making compensation decisions under the defendant's system, and that Brown cannot represent members of the promotion class because she is in a job code with only one job level and has never posted for nor sought another job. Plaintiffs do not specifically dispute defendant's position except as to Gonzalez. There is evidence Gonzalez is paid less than white employees in the same job classification and level with significantly less seniority and that he has not been allowed to advance to a higher level. Gonzalez is an adequate class representative. Plaintiffs have failed to meet their burden as to Nachampassack, Manning and Brown, who are therefore, not certified as class representatives. The remaining movants have not been challenged by defendant and are found to be adequate class representatives.

Having found that the Rule 23 (a) requirements have been met as to some of the movants, the court moves to the Rule 23 (b) analysis. Plaintiffs argue the class qualifies for certification as to equitable relief under Rule 23 (b) (2), which provides certification is proper where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23 (b) (2). This requirement has been met. Plaintiffs' pattern or practice allegations and evidence support certification based on the assertion, supported by statistical evidence, that non-white employees were discriminated against in compensation and promotion opportunities. This alleged action on the part of defendant is generally applicable to the class and any injunctive relief entered would almost necessarily apply to the whole class. See Allen v. Int'l Truck and Engine Corp., 358 F.3d 469, 471 (7th Cir. 2004) (noting the infeasibility of drafting and enforcing an injunction that would apply to some but not all black employees).

Having found certification appropriate for injunctive relief purposes, the court, mindful of the decision in Allen, looks to the question of damage claims. In actions for money damages, if a class is certified, class members are entitled to personal notice and an opportunity to opt out. Jefferson v. Ingersoll Int'l, Inc., 195 F.3d 894, 897 (7th Cir. 1999). To certify a damages class under Rule 23 (b) (3) the court must find that questions of law or fact common to members of the class predominate over any questions affecting only individual members and that the class action is superior to other available methods for fair and efficient adjudication. It is evident that each class member's damages will be different, assuming liability is proved, based on factors such as job classification, level, seniority, etc. However, issues related to liability based on the plaintiffs' pattern or practice claims will have common questions of law and fact. These common questions will predominate over the individual damage determinations of each class member. The factors listed in Rule 23 (b) (3) (A)-(D) as pertinent to finding common question predominating weigh in favor of predominance. The interest of individual class members in individually controlling the liability phase of the pattern or practice and disparate impact actions is not great. Each class member can individually control the damages phase of his claim if liability is found. Concentrating the litigation in this forum is sensible because the bulk of the plaintiff's reside in this district and division, the plants where the alleged discriminatory actions occurred are located here, and the issues concerning the pattern or practice are common to all plaintiffs. Management of the class action will be no more difficult than managing innumerable individual actions. See Allen, 358 F.3d at 472.

For the foregoing reasons, movants motion for class certification is granted in part. Bell, Berry, Buchanan, Gonzalez, Link, and Triplett are certified as class representatives. Plaintiff's counsel are appointed class counsel. Two classes are certified under Rule 23 (b) (2) for injunctive and declaratory relief purposes and Rule 23 (b) (3) for purposes of determining liability for discrimination injuries, but not individual damages: A compensation class consisting of all African-American, Hispanic, and Asian employees employed by defendant during the applicable limitations period and an advancement class consisting of all African-American, Hispanic and Asian employees passed over for unposted promotions during the applicable limitations period. This matter is referred to the magistrate judge for purposes of administering notice to the class members and opt-out rights.

---

[1] Fred Wynne was previously a named plaintiff but his claims have been dismissed with prejudice on his own motion.