# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50190 | **DATE** | 2/2/2005 |
| **CASE TITLE** | Bell, et al vs. Woodward | | |

**DOCKET ENTRY TEXT:**

For the reasons stated on the attached Memorandum Opinion and Order, Plaintiffs' Motion to Enforce December 20, 2004 Order Requiring Production of Documents is granted in part and denied in part. Defendant is ordered to comply with this Order and the court's December 20 Order within twenty-one days.

■ [ For further detail see attached order.]     ■ [ Notices mailed by judge's staff.]

| | Courtroom Deputy Initials: | GG |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEMETRIC BELL, MARILYN BERRY, CATHERINE BROWN, KIMBERLY BUCHANAN, GILBERTO GONZALEZ, DELLA JARRETT, TIMMY LINK, EDDIE MANNING, JR., KIM NACHAMPASSACK, DUANE PARKS, BRENDA RILEY, DARNEL ROYAL, ROBIN SALLIS, VELMA SANDERS, BARBARA SMITH, TONY TRIPLETT, JANET WILKINS and FRED WYNNE, individually and on behalf of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> WOODWARD GOVERNOR COMPANY, <br><br> Defendant. | Case No. 03 C 50190 <br><br> Magistrate Judge <br> P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiffs' Motion to Enforce December 20, 2004 Order Requiring Production of Documents, filed January 11, 2005. The December 20, 2004, Order of the court was in response to Plaintiffs' November 19, 2004, Motion to Compel Production of Documents identified at the deposition of Phil Turner that Plaintiffs believed were responsive to previous document requests.[1] On December 20, 2004, the court granted Plaintiffs' Motion and

---

[1] Specifically, Plaintiffs requested: (a) versions of Woodward's "Transformation Map" which apparently covers the company goals for human resources, training, diversification, etc.; (b) e-mails and other documents related to transition between the "Member Evaluation Process" and the "Member Appraisal Process" including documents relating to any actual or expected

1

further directed Defendants to: (1) confirm that a reasonable search for documents (a-l) was conducted and indicate what the manner of the search was, (2) produce responsive documents, (3) confirm if no responsive documents exist, and (4) confirm instances where the documents have been destroyed, indicating by whom and when, if possible, within seven days of receipt of the Order.

Defendant filed the required status report with the court on January 3, 2005, and a supplemental status report on January 12, 2005.[2] In the meantime, due to the inability of the parties to arrange for the production of documents related to Phil Turner's deposition, the court had to intervene and allow for the re-scheduling of the continued deposition of Phil Turner on January 6, 2005.

## I. Discussion

Plaintiffs' current motion before the court is in response to certain representations made by Defendant in both status reports. Plaintiffs believe that Defendant has improperly narrowed the scope of its search for documents responsive to the December 20th Order in two ways.

---

"bell curve distribution"; (c) corporate executive committee notes; (d) documents generated by and between Woodward and RHR (a human resources/management consultant), including results of employee surveys; (e) "flow down plans" concerning the Transformation Map; (f) "metric boards" that relate to employee performance, Plaintiffs, or the Transformation Map; (g) "Team Map Update Meetings" documents concerning Human Resources functions; (h) documents relating to "key contributors"; (i) documents relating to an "open door policy"; (j) documents relating to purported extra consideration given to minorities during work force reductions generally and specifically for Plaintiffs Jarrett and Brown; (k) documents relating to attempts to recruit and retain minorities in exempt positions; and finally (l) documents related to an OFCCP audit meeting that included Turner and Holm.

[2]Defendants were granted leave to file a supplemental status report due to difficulty with scheduling arising from the holidays and Woodward's annual shut down.

2

Specifically, Plaintiffs argue that Defendant has unjustifiably limited its search for: (1) documents regarding extra consideration given to minorities to only "purported" extra consideration and (2) documents related to the Transformation Maps and associated metrics to only those documents used by the Human Resources organization and by senior managers.

A. **Extra Consideration Given to Minorities**

As to the issue of documents regarding extra consideration given to minorities, the court has carefully read Defendant's status report and finds that Defendant's statements indicate that a broader search was conducted than suggested by Plaintiffs' brief, and even Defendant's own status report at times. Plaintiffs' request (j) asked for documents relating to **purported** extra consideration given to minorities during work force reductions. Defendant's response in their status report was as follows:

> Plaintiffs' requests for documents concerning "purported" extra consideration given to minorities during workforce reductions and attempts to recruit or retain minorities in exempt positions is less easily searched for. **Had Plaintiffs requested documents without such a uniquely troublesome modifier, Defendant would be searching for documents concerning or relating to Defendants's extra consideration** given to minorities without any difficulty understanding their request. **This is not the case,** however. To be clear, **to the extent that the use of the word "purported" is intended to mean or imply any false, merely professed but not real, or pretense at extra consideration, there are no such documents.** No such conduct has occurred. **Defendant's extra consideration** for minorities during workforce reduction, recruiting or retention efforts **is sincere. Woodward believes documents of this nature have already been produced** ... [describing instances of "sincere" documentation already produced].

(Def.'s Jan. 12, 2005 Status, at 10)(emphasis added). Because Defendant went on to state that it

3

believes documents responsive to Plaintiffs' request were alredy produced, it appears that Defendant was initially taking the opportunity to rib Plaintiffs in the same manner that Plaintiffs ribbed Defendants by including the word "purported" in their request. Unfortunately, this chicanery is taking place in the middle of a status report filed with the court that was ordered to aid the court in moving discovery along in this complex class action lawsuit. Clearly, neither the court or the parties are aided by the inclusion of counsels' quibbles in their briefs to the court.

The court presumes Defendant searched for more than documents relating to **purported** extra consideration. If this is not the case, Defendant is ordered to comply with the court's December 20 Order and (1) confirm that a reasonable search was conducted (without regard to whether efforts were purported or sincere) and indicate what the manner of the search was, (2) produce responsive documents, (3) confirm if no responsive documents exist, and (4) confirm instances where the documents have been destroyed, indicating by whom and when, if possible, within twenty-one days of receipt of this Order.

### B.     Transformation Maps

Plaintiffs also argue that documents related to Transformation Maps and associated metrics have not been sufficiently searched for because Defendant indicated in its status that its search was confined to documents in possession of the Human Resources organization and senior managers. From the briefs presented, the court cannot decipher to what extent it is true that Defendant has confined its search for documentation relating to requests (a-l) to the Human Resources organization and senior managers. The court can only state that such artificial limitations will not be accepted. Parties are to conduct searches for discovery materials in all

places where materials may reasonably be found, including all places that originals were distributed. It is unreasonable to confine discovery searches to only Human Resources and senior managers when material discoverable under Rule 26 may reasonably be found outside those limited locations. Thus, it is the order of the court that defendant comply with the December 20 Order and (1) confirm that a reasonable search was conducted (beyond Human Resources and senior managers) and indicate what the manner of the search was, (2) produce responsive documents, (3) confirm if no responsive documents exist, and (4) confirm instances where the documents have been destroyed, indicating by whom and when, if possible, within twenty-one days of receipt of this Order.

## II. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Enforce December 20, 2004 Order Requiring Production of Documents is granted in part and denied in part. Defendant is ordered to comply with this Order and the court's December 20 Order within twenty-one days.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 2/2/05

5