## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50190 | **DATE** | 2/7/2005 |
| **CASE TITLE** | Bell, et al vs. Woodward | | |

**DOCKET ENTRY TEXT:**

For the reasons stated on the attached Memorandum Opinion and Order, Plaintiffs' Motion to Deem Admitted is denied. Defendant's Request for a Protective Order is denied. Defendant's answers to Interrogatories 2 and 6 are stricken. Defendant is ordered to respond anew to Plaintiffs' Interrogatories 2 and 6, with due respect to the guidance set forth in the Order, within thirty days of receipt of this Order.

■ [ For further detail see attached order.]   ■ [ Notices mailed by judge's staff.]

| | Courtroom Deputy Initials: | AM |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEMETRIC BELL, MARILYN BERRY, CATHERINE BROWN, KIMBERLY BUCHANAN, GILBERTO GONZALEZ, DELLA JARRETT, TIMMY LINK, EDDIE MANNING, JR., KIM NACHAMPASSACK, DUANE PARKS, BRENDA RILEY, DARNEL ROYAL, ROBIN SALLIS, VELMA SANDERS, BARBARA SMITH, TONY TRIPLETT, JANET WILKINS and FRED WYNNE, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>WOODWARD GOVERNOR COMPANY,<br><br>Defendant. | Case No. 03 C 50190<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiffs' Motion to Deem Admitted Defendant's Inability to Articulate with Sufficient Clarity Claimed Bases for Compensation and Advancement Decisions Concerning Plaintiffs and Charging Parties. Plaintiffs' Motion moves the court to enforce its November 23, 2004, Order compelling production of supplemental answers to Plaintiffs' First Set of Interrogatories, Numbers 2 and 6.[1] The court's November Order required Defendant to supplement by December 22, 2004. Defendant did not provide supplemental answers to Plaintiffs, but did attempt to request an extension from Plaintiffs to January 17, 2005.

---

[1] The court also previously ordered supplemental responses to Interrogatories 2 and 6 on November 4, 2003, and September 28, 2004.

1

Plaintiffs did not agree. Instead, Plaintiffs filed this Motion to Deem Admitted.

The interrogatory requests at issue, which seek information about *job level decisions* (#2) and *compensation decisions* (#6), are as follows:

> **Interrogatory #2:** Identify each person who has made a decision with respect to the level at which each plaintiff or charging party has been classified within each plaintiff's or charging party's job classification(s), and state: (a) the date of the decision; (b) the decision made; and (c) the basis of the decision.
> **Interrogatory #6:** Identify each person who has made a decision with respect to the compensation (including salary, bonuses and other benefits) paid to each plaintiff or charging party and state: (a) the decision, including decision to keep the level(s) of compensation the same; and (b) the criteria for the decision.

(Pl.'s Mtn., at Ex. A). Plaintiffs represented in their Motion that the *job level* decisions at issue in this case are as follows:

> (1) each change of job level; (2) each annual decision not to increase the job level, made at the time of annual evaluations and annual rate adjustments, when supervisors are asked to confirm the appropriateness of all job level assignments under them; (3) each decision not to increase the job level at any time compensation was specially adjusted (outside of the annual rate adjustment); (4) each refusal to increase the job level upon inquiry or request of the employees; (5) each decision to adjust job level as a result of any review of minority salaries; and (6) each decision not to adjust job level as a result of any review of minority salaries.

(Pl.'s Mtn., at 3-4). Plaintiffs represented in their Motion that the *compensation* decisions are:

> (1) each annual rate of adjustment; (2) each special (for any reason) rate adjustment; (3) each decision not to adjust compensation upon a level change, annual review, change in assignment or other similar event; (4) each determination to adjust compensation as a result of any review of minority salaries; and (5) each decision not to adjust compensation as a result of any review of minority salaries.

(Pl.'s Mtn., at 4).

2

The court has already found that Defendant should supplement its answers to Interrogatories 2 and 6 by December 22, 2004, but apparently supplemental production has not occurred. Defendant submits, belatedly, in its February 1, 2005, brief that Plaintiffs already have the information requested in Interrogatories 2 and 6. Notably, Defendant asserts that its written answers must be evaluated in light of the complete history of discovery of the parties. In support of its Motion for a Protective Order, Defendant asserts that the Plaintiffs and the court have not fairly considered the information contained in 30(b)(6) depositions and the numerous personnel files that have been turned over to Plaintiffs in determining whether Defendant has fully answered Interrogatories 2 and 6.

## I. Discussion

As Defendant states in its Explanation Regarding Interrogatories 2 and 6 and Request for a Protective Order and Guidance from the Court, "[t]he plaintiffs' and charging parties' compensation and job levels are the issues in this case." (Def.'s Brief, at 14). The district court has certified both a compensation class and an advancement class in this lawsuit. Any failure to timely produce relevant information sought in Plaintiffs' Interrogatories 2 and 6 necessarily delays discovery in this case.

Under Rule 33(b), interrogatories must be answered fully and include all information within the party's control or known by the party's agents. If only some information is available, that information must be provided, but a prefatory statement may be used to place the answer in context. If a party lacks knowledge or information needed to answer, the party must respond in a way that lets the requesting party know the information is not available. Often, in complex litigation, parties are required to spend considerable time and energy answering interrogatories.

3

There is no duty to prepare the other side's case through interrogatory answers, but when the responding party will need to research the same information requested to prepare their own case, courts are more inclined to require parties to compile information for the other side. *See, e.g., In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 265 (N.D. Ill. 1979).

Ordinarily, interrogatory answers should be complete in themselves and not mere references to other discovery. However, incorporation of other discovery as an answer to an interrogatory may be acceptable, especially if the cross-reference is clear. For example, under Rule 33(d), parties have the option to produce business records to answer interrogatories when an answer may be derived from business records and the burden of deriving the answer is substantially the same for both parties. *See, e.g., S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574 (M.D.N.C. 2002). When a party relies on Rule 33(d) instead of answering interrogatories, it is the moving parties burden of persuasion to show that Rule 33(d) disclosures are "somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *Id.* at 576. If the moving party persuades the court, the burden shifts to the producing party to justify the use of business records in lieu of answers.

The court also has authority to limit discovery that is unreasonably cumulative or unduly burdensome or expensive. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002). Under Rule 26(c), it is clear that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1) that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). The court has discretion to decide

when a protective order is appropriate and what degree of protection is required. *Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 36, 104 (1984). Only good cause is required in determining whether or not to issue a protective order. *Id.* at 37. In deciding whether good cause exists, the court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). The party seeking the protective order has the burden of showing that good cause exists by alleging particular and specific facts. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).

Thus, to decide Plaintiffs' Motion to Deem Admitted and Defendant's request for a protective order, the court must consider several factors, including its own interest in moving this case efficiently along, the Plaintiffs' interest in avoiding delay in discovery, and Defendant's burden of production. The court is not inclined to divert from its November 23, 2004, Order compelling production of supplemental answers to Plaintiffs' First Set of Interrogatories at this time. Rather than resorting to extraordinary remedies, like deeming admitted defendant's inability to articulate sufficient answers as suggested by Plaintiff, or reversing the court's November 23 Order, as Defendant suggests, the court finds that Defendant's answers should be stricken and new answers should be submitted, fully responding to Interrogatories 2 and 6, within thirty days of receipt of this Order. Further guidance on the scope of the interrogatory answers and the necessary means of production is provided below.

### A. Regarding Use of Business Records under Federal Rule 33(d)

Defendant maintains that personnel files and computer database information on Plaintiffs and charging parties already produced to Plaintiffs contain: (1) a complete wage history from

5

1996, (2) the effective date of each compensation decision; (3) each employee's history of job levels and job names and the dates of job level changes; (4) the names of the supervisors for each job level, including the supervisor with budget authority when a compensation of job level change was implemented (with few exceptions); (5) yearly MAP evaluation forms (with ten performance factors) evaluating the performance of parties (generally signed by the person who makes compensation decisions); (6) fact reports showing if employees have a particular performance problem; and (7) Notice of Transfer and/or Rate Adjustment forms detailing decisions made outside the annual adjustment process.

Plaintiffs argue that the files are not sufficient answers because the files do not account for situations where the direct supervisor was not the person who made salary and job level decisions (as was the case with Steve Branch). Plaintiffs also note that the personnel files do not identify the specific basis for decisions concerning job levels and compensation.

The court agrees with Plaintiffs on this issue. Referral to business documents simply does not answer Plaintiffs' Interrogatories. Rule 33(d) is not suited to the type of documents and data that must be sorted through in this case. It is quite possible that two persons could sit down with the database information and personnel files produced in this case and come up with two very different sets of interrogatory answers, especially in regards to the criteria used for job level and advancement decisions. Defendants could also have information outside the documents which are responsive to Plaintiffs' requests. Additionally, it seems to the court that the burden of deriving an answer from personnel documents maintained by Defendant is not the same for Defendant as Plaintiffs. Defendant is far more familiar with the names, procedures, and even handwriting used on its own business records. Thus, the court finds that because Defendant's

business records do not fully answer Plaintiffs' Interrogatories 2 and 6, Defendant cannot use Rule 33(d) in lieu of complete answers to Interrogatory 2 and 6.

## B. Regarding Use of 30(b)(6) Depositions

Defendant states that its supplemental answer of October 25, 2004, identifies 30(b)(6) depositions of Supervisors Steve Gorman, Tim Manning, Matthew Rhoades, Carol Smith, Rick Holm, and others unnamed that explain in detail criteria used in making compensation and job level decisions. Defendant further maintains that the criteria used to determine job level and compensation decisions are also specified in their answer to Plaintiffs' Interrogatory #1.[2] Plaintiffs argue that vague references to depositions are not sufficient answers because they do not intend to depose every supervisor at the company and because they believe Defendant, as a party, should be required to state its bases for the decisions at issue.

The court finds references to depositions will not suffice as answers to Plaintiffs' interrogatories in this instance. For the same reason personnel files are not acceptable answers for identifying the criteria of job level and compensation decisions, 30(b)(6) depositions are not

---

[2]Defendant states in Interrogatory #1:
> While the jobs and plaintiffs differ, the criteria used . . . are accountability; education; efficiency; knowledge of the general tools and processes used in any given job, the part, product or processes pertinent to the job and needs of others who either depend upon or otherwise work with the product and/or process at issue; applicable work experience; skills necessary for the efficient performance of work at issue; dependability; interpersonal skills, reliability; productivity; quality of work; abilities to effectively counsel, develop, motivate and train others; availability to work and the criteria contained in the job descriptions for the plaintiffs' jobs.

The court notes that the Interrogatory #1 answer is not fully responsive to Interrogatories 2 and 6 because #1 is not specific to individual parties.

satisfactory. Plaintiffs and Defendants could interpret deposition testimony in any number of different ways. If Defendant wishes to include an adoption of the testimony of a particular 30(b)(6) witness as part of (*not in lieu of*) its answer to Interrogatories 2 and 6, it must do so with specificity as to the citation of deposition testimony and as to each party. A general reference to a 30(b)(6) deposition as an answer for all parties will not suffice.

C. **Regarding Job Level and Compensation Decisions at Issue in Interrogatories**

Defendant maintains that it has fully answered Interrogatories 2 and 6, and that Plaintiffs now inaccurately claim that "identified job level and compensation decisions at issue" were part of Interrogatories 2 and 6. (*See supra*, p. 2). Defendant further states that in order to respond to Plaintiffs' identified job level and compensation decisions, it would have to "literally depose its own supervisors, walk them through all of the personnel files and performance evaluations of the employees in the departments they supervise, determine their comparisons of the various employees who they supervise and who make more than the plaintiffs or are at higher job levels than the plaintiffs."

The court does not think this would be such a bad idea . . ., but this is beside the point. The court finds the break-down of job level and compensation decisions helpful and reflective of the types of decisions already encompassed by Interrogatories 2 and 6.

D. **Regarding When Defendant Does Not Have Knowledge to Answer**

The court understands that Defendant may not be able to fully answer Interrogatories 2 and 6 with respect to each party. However, under the Federal Rules, it is not sufficient for a party to blankly state it cannot answer an interrogatory or to state the discovery is on-going. If a party genuinely does not know an answer, it must indicate that the information is unavailable. If only

8

some information is available, that information must be provided, but a prefatory statement may be used to place the answer in context. If parties do not indicate when they do not have information, the court and opposing party cannot know if an interrogatory response is incomplete or merely ignored. In each and every instance where Defendant does not intend to answer a section of Plaintiffs' interrogatory because of lack of knowledge, it must state so with particularity.

## II. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Deem Admitted is denied. Defendant's Request for a Protective Order is denied. Defendant's answers to Interrogatories 2 and 6 are stricken. Defendant is ordered to respond anew to Plaintiffs' Interrogatories 2 and 6, with due respect to the guidance set forth in the Order, within thirty days of receipt of this Order.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 2/7/05