# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50190 | **DATE** | 3/8/2005 |
| **CASE TITLE** | Bell vs. Woodward | | |

**DOCKET ENTRY TEXT:**

For the reasons stated on the attached Memorandum Opinion and Order, Plaintiffs' Motion to Hold Defendant in Contempt is denied.

■ [ For further detail see attached order.]

Notices mailed by judge's staff.

| | Courtroom Deputy Initials: | AM |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DEMETRIC BELL, MARILYN BERRY, )
CATHERINE BROWN, KIMBERLY )
BUCHANAN, GILBERTO GONZALEZ, )
DELLA JARRETT, TIMMY LINK, EDDIE )
MANNING, JR., KIM NACHAMPASSACK, ) Case No. 03 C 50190
DUANE PARKS, BRENDA RILEY, )
DARNEL ROYAL, ROBIN SALLIS, )
VELMA SANDERS, BARBARA SMITH, ) Magistrate Judge
TONY TRIPLETT, JANET WILKINS and ) P. Michael Mahoney
FRED WYNNE, individually and on behalf )
of similarly situated persons, )
                                    )
        Plaintiffs, )
                                    )
    v. )
                                    )
WOODWARD GOVERNOR COMPANY, )
                                    )
        Defendant. )

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs' Emergency Motion for Rule to Show Cause, filed February 11, 2005. A hearing was held February 11, 2005, and the district court directed Defendant to show cause why it should not be held in contempt in writing by February 18, 2005. Plaintiffs were given until February 22, 2005, to respond. A hearing before the magistrate judge was held February 25, 2005, to determine if Defendant should be held in contempt and to determine the parameters of contacts with class members.

I.    **Background**

The action of Defendant underlying Plaintiffs' Motion for Rule to Show Cause is the

circulation of a letter on February 7, 2005, to all class members from Woodward Governor's President and COO. The letter was sent shortly before the February 10, 2005, deadline in which class notices approved by the court were to be published. The letter discussed the status of the pending lawsuit, Defendant's position on the lawsuit, and referred employees to its Human Resources Manager, Ms. Smith, for assistance with questions regarding this lawsuit. The letter also stated: "If you feel you haven't been discriminated [against], then we strongly recommend that you ask to be excluded by following the procedures explained in the notice."

Because of the February 7 letter, Plaintiffs argue Defendant should be held in contempt. Plaintiffs contend that the February 7 letter was inherently coercive and intended to encourage class members to opt-out of this lawsuit, thus defying the spirit of the January 26, 2005, hearing on Plaintiffs' Motion to Limit Defendant's Contacts with Class Members.

On February 11, 2005, District Court Judge Reinhard ordered Defendant to show cause why it should not be held in contempt and referred the matter to this court to determine the parameters of contacts with class members. Judge Reinhard also directed Defendant to refer non-named parties with questions regarding the lawsuit to Ms. Smith in Human Resources. Defendant was directed to not discuss the non-named parties' questions, but instead to take down their names on a list that could be provided to the magistrate.

## II. Analysis

To secure an order of contempt, "a party must prove 'by clear and convincing evidence' that the opposing party violated a court order." *See Goluba v. Sch. Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995)(*quoting Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989). The court "must be able to point to a decree from the court 'which sets forth in specific detail an

unequivocal command' which the party in contempt violated." *Stotler*, 870 F.2d at 1163 (citations omitted).

At this time, there exists no clear order of the court detailing permissible communication with class members from which Defendant can be held in contempt. Plaintiffs did file a Motion to Limit Defendant's Contacts with Class Members, but the Motion was denied on January 26, 2005. Instead, Defendant was directed to make a representation to the court that there would be no retaliation against class members, and that Defendant would not contact class members with veiled threats regarding the lawsuit. The court also directed Defendant to file with the court its specific representation as to what the conduct of Woodward was going to be in the future. Defendant filed its letter with the court on February 1, 2005.

Though Defendant did not disclose that it desired to send class members a letter like the one sent on February 7, there is no clear standing order stating that Defendant was required to so inform the court of all future contacts it wished to make with class members. As an order restricting communication between parties and class members may implicate First Amendment rights, the court did not deem it appropriate to enter such an order absent evidence of serious misconduct and a need to protect the administration of justice. Because no clear order of the court has been violated, this court does not hold Defendant in contempt.

While the court did not deem it necessary to enter an order regulating class contacts in this case at the January 26 hearing, the court finds some guidance must be provided now. Under Fed. R. Civ. P. 23(d), the court has authority to enter orders to regulate communications with members of the class. Such an order must balance the need for a limitation on communications with the potential interference with the rights of the parties, and the order should limit speech as

3

little as possible. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). It is critical that the class receive accurate and impartial information regarding the purpose and effect of a class action suit. *Id.* Curative action may be necessary if class members have received misinformation or when a party threatens or intimidates potential class members. *Id.* Further, the court must ward against any attempt to thwart its efforts to protect the integrity of the class and the rights of class members via unilateral contacts with class members.

In this case, the court has already worked with both parties to draft class notices that provide impartial information to class members. Ideally, no other contacts with class members regarding their decisions to opt-out would be necessary. Nevertheless, instances of Woodward Governor employees contacting class members to encourage them into opting-out of the lawsuit, such as the incident with Gregory Ford and Kirk Snyder reported at the January 26 hearing, were brought to the court's attention. The court, attempting to ensure that class members could make their own informed decisions about remaining in the pending suit, invited Defendant to make a written representation that it would not interfere with the rights of class members. Based on Defendant's February 1 letter to the court (which did not address all of the court's concerns), and the February 7 letter issued to class members just three days before the scheduled class notice mailing, the court finds that the rights of potential class members and the integrity of the judicial process is not secure without further action by the court.

While there is no need for a sweeping restraint order on all communications with class members at this time, some safeguards are needed to avoid potential confusion and misconduct during the remaining opt-out period and resolution of this lawsuit. To this end, the court orders all parties to cease communications with class members initiated for the purposes of coercion,

4

intimidation, or retaliation regarding the class member's decision to remain in the class or to opt-out. At this time, the court also adopts the directive of the district court whereby class members working at Woodward facilities with questions regarding the lawsuit are referred to Ms. Smith. While class member questions may be answered within the guidelines of this opinion by Ms. Smith, Defendant must maintain a list of all class members who contact Ms. Smith regarding the lawsuit and must notify class counsel within five days of the contact. Additionally, Plaintiffs' counsel seeks permission to send a letter to class members notifying class members of the court's ruling, responding to the February 7 letter, and indicating that class members should contact class counsel in the event that Defendant discourages their participation in the lawsuit. The court finds class counsel may contact class members with a cover letter, and the court further finds that counsel should send a copy of the court's attached Order with the cover letter.

As a final note, the court cautions that "[w]hen a court issues a ruling, a lawyer must advise his client to comply and must not counsel disobedience." *See Kleiner v. First Nat'l Bank*, (11th Cir. 1985). Any wilful violation of the court's order will result in appropriate sanctions such as, but not limited to, assessment of attorney fees, disqualification of counsel, monetary penalties or an entry of finding of liability.

### III. Conclusion

Plaintiffs' Motion to Hold Defendant in Contempt is denied.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 3/8/05

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEMETRIC BELL, MARILYN BERRY, CATHERINE BROWN, KIMBERLY BUCHANAN, GILBERTO GONZALEZ, DELLA JARRETT, TIMMY LINK, EDDIE MANNING, JR., KIM NACHAMPASSACK, DUANE PARKS, BRENDA RILEY, DARNEL ROYAL, ROBIN SALLIS, VELMA SANDERS, BARBARA SMITH, TONY TRIPLETT, JANET WILKINS and FRED WYNNE, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>WOODWARD GOVERNOR COMPANY,<br><br>Defendant. | Case No. 03 C 50190<br><br>Magistrate Judge<br>P. Michael Mahoney |

## ORDER

In accordance with the findings and conclusions contained in the Opinion filed concurrently herewith, it is ORDERED:

1. All parties and their counsel are forbidden from making communications with class members, or from taking any other action, direct or indirect, that coerces, intimidates, or retaliates against class members for their decision to remain in, or to opt-out of, this class lawsuit.

2. At this time, the court also adopts the directive of the district court whereby class members working at Woodward facilities with questions regarding this lawsuit are referred to Ms. Smith. While class member questions may be answered by Ms. Smith

within the guidelines of this Order and Opinion, Defendant shall maintain a list of all class members who contact Ms. Smith regarding the lawsuit and shall notify class counsel of names added to the list within five days of the contact. Class counsel may contact class members named on the list to answer class member questions.

3. Any wilful violation of the court's Order will result in appropriate sanctions such as, but not limited to, assessment of attorney fees, disqualification of counsel, monetary penalties or an entry of finding of liability.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 3/8/05